UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INCINIA CONTRACTING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, MARKEL SERVICE, INCORPORATED,<br><br>Defendants. | Case No. 23-cv-10917<br><br>**NOTICE OF REMOVAL**<br><br>[Originally Supreme Court of the State of New York, New York County, Index No. 655502/2023] |

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Evanston Insurance Company ("Evanston") and Markel Service, Incorporated ("MSI"), through undersigned counsel, Hinshaw & Culbertson, LLP, hereby files this Notice of Removal, removing the above-entitled action, which was filed in the Supreme Court of the State of New York, County of New York, Index No. 655502/2023, to the United States District Court for the Southern District of New York. In support of the removal, Evanston and MSI respectfully state as follows:

## STATEMENT OF JURISDICTION

1.  Pursuant to 28 U.S.C. § 1441, removal is proper because this Court has jurisdiction under 28 U.S.C. § 1332 as this is a civil action between citizens of different States and the matter in controversy exceeds $75,000.

## THE STATE COURT ACTION

2.  This is a civil action that was originally filed by Incinia Contracting, Inc. ("Incinia"), on November 7, 2023, in the Supreme Court of the State of New York, County of New York, having been assigned Index No. 655502/2023, and captioned *Incinia Contracting, Inc. v. Evanston Insurance Company, Markel Service, Incorporated* (the "State Court Action").

3. As required by 28 U.S.C. § 1446(a), attached as **Exhibit 1** is a true and correct copy of the summons and complaint served on Evanston and MSI in the State Court Action.

4. No defendant has filed an answer or otherwise responded to the State Court Action. No proceedings have yet been held in the State Court Action.

5. The State Court Action arises out of two underlying actions, the first of which is *Marlon Garcia v. CityMeals-On-Wheels Property*, bearing Index No. 1609398/2016, filed in the New York State Supreme Court, County of New York, on December 29, 2016 ; and the second of which is captioned as *Marlon Garcia v. Hollister Construction Services, LLC*, bearing Index No. 25058/2018E, filed in the New York State Supreme Court, County of New York, on May 1, 2018 Attached as **Exhibit 2** is a true and correct copy of the CityMeals lawsuit, and attached as **Exhibit 3** is a true and correct copy of the Hollister lawsuit.

6. The two underlying actions were consolidated into one matter, under the Index No. 1609398/2016 (collectively, "Underlying Action").

7. In the Underlying Action, Garcia seeks to recover for personal injuries he allegedly sustained on November 11, 2016 when performing asbestos abatement at 1367 Viele Avenue, Bronx, New York 10474 ("Premises") during the course of his employment with Incinia. *See* **Exhibit 2**, ¶¶ 3-4.

8. The Underlying Action alleges that Incinia was hired as a subcontractor to perform asbestos abatement at the Premises. *See id.*, ¶¶ 3-4.

9. Garcia asserts that he sustained his injuries due to New York Labor Law violations by both Hollister and CityMeals. *See id.*, ¶¶ 11-18; **Exhibit 3**, ¶¶ 11-19.

10. In the Bill of Particulars that Garcia filed in the Underlying Action, Garcia asserts that he sustained a traumatic brain injury, along with injuries to his neck, lower back, shoulders

and head. *See* Underlying Action Bill of Particulars, ¶ 19. A true and correct copy of which is annexed hereto as **Exhibit 4.**

11.     Garcia further claims he is entitled to lost earnings, and alleges that prior to the Accident, his average hourly earnings were $35 per hour, totaling approximately $147,000 in lost wages, and that he has been unable to work from the date of the accident to at least January 4, 2019 (the date he filed his bill of particulars). *See id.*, ¶¶ 21.

12.     On September 20, 2017, CityMeals-On-Wheels Property, LLC brought a third-party action against Incinia for contribution, contractual and/or common law indemnification, and breach of contract ("Third-Party Action"). Attached as **Exhibit 5** is a true and correct copy of the Third-Party Action.

13.     In the six-count Third-Party Action, CityMeals asserts claims of negligence, contribution, common law indemnification, contractual indemnification, failure to procure insurance, breach of contract, and seeks statutory relief along with compensatory damages. *See* **Exhibit 5**, ¶¶ 1-39.

14.     Evanston issued an Environmental Common Policy to Incinia in New Jersey under policy number 16PKGNE60712, effective from October 18, 2016 to October 18, 2017 (the "Evanston Policy"). Attached as **Exhibit 6** is a true and correct copy of the Evanston Policy.

15.     In the State Court Action, Incinia alleges that on November 9, 2017, Evanston disclaimed any obligation to defend and/or indemnify CityMeals and Hollister in the Underlying Action in response to a tender made their carrier, Travelers Indemnity Company of America ("Travelers"). *See* **Exhibit 1**, ¶ 28.

## NOTICE OF REMOVAL IS TIMELY

16. This notice of removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of when Evanston and MSI are alleged to have received the summons and complaint.

17. Incinia asserts it served MSI with the summons and the complaint via the Corporation Service Company ("CSC") on November 15, 2023. Attached as **Exhibit 7** is a true and correct copy of the Proof of Service filed by Incinia for MSI.

18. Incinia asserts it served Evanston with the summons and the complaint on November 16, 2023. Attached as **Exhibit 8** is a true and correct copy of the Proof of Service filed by Incinia for Evanston.

19. This notice of removal is being filed on December 15, 2023, within 30 days of when MSI received the summons and complaint. *See* 28 U.S.C. § 1446(b).

## VENUE IS PROPER

20. Venue of this removal is proper under 28 U.S.C. §§ 1441 and 1391(b)(2) because this Court is the judicial district in which Plaintiff Garcia is a citizen, where the State Court Action is pending, and where the Underlying Action is pending.

## THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER

21. This is a civil action that may be removed to this Court because the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1441 (providing that a state court action may be removed to a United States District Court where such District Court has jurisdiction); 28 U.S.C. § 1332(a)(1) (providing, *inter alia*, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different states").

### A. The Amount In Controversy Exceeds $75,000

22. In the State Court Action, Incinia seeks a declaration that Evanston's disclaimer of coverage for CityMeals and Hollister in the Underlying Action are ineffective. *See* **Exhibit 1**, ¶¶ 51-54. If the Court granted that relief, Evanston may have to defend and/or indemnify CityMeals and Hollister in the Underlying Action.

23. In the Underlying Action, Garcia seeks to recover for an alleged traumatic brain injury, along with severe and permanent injuries to his neck, lower back, shoulders and head. *See* Underlying Action Bill of Particulars, *See* **Exhibit 4,** ¶ 19.

24. Moreover, Garcia claims he is entitled to lost earnings, totaling approximately $147,000. *See id.*, ¶ 21. In light of these alleged injuries and damages, Garcia undoubtedly seeks more than $75,000 in damages in the Underlying Action.

25. Thus, if Evanston had to defend and indemnify CityMeals and Hollister in the Underlying Action, Evanston may have to pay more than $75,000 for that defense and indemnification. Accordingly, the amount in controversy in this action exceeds $75,000. *See Perez v. Foremost Ins. Co.*, No. 17-CV-997S, 2018 U.S. Dist. LEXIS 93421, at *3-4 (W.D.N.Y. June 4, 2018) ("When the applicability of liability coverage is at issue, as in this case, the jurisdictional amount in controversy is measured by the value of the underlying claim") (internal quotations omitted).

### B. There Is Complete Diversity

26. Incinia is currently, and was at the time the State Court Action was filed, incorporated pursuant to the laws of the State of New Jersey, with its principal place of business in the State of New Jersey. Therefore, Incinia is a citizen of the State of New Jersey for diversity purposes.

27. Defendant MSI is currently, and was at the time the State Court Action was filed, incorporated pursuant to the laws of the State of Virginia, with its principal place of business in the State of Virginia. Therefore, MSI is a citizen of the State of Virginia for diversity purposes.

28. Defendant Evanston is currently, and was at the time the State Court Action was filed, incorporated pursuant to the laws of the State of Illinois, with its principal place of business in the State of Illinois. Therefore, Evanston is a citizen of the State of Illinois for diversity purposes.

29. Accordingly, the Court has jurisdiction because: (a) the amount in controversy exceeds $75,000; and (b) there is complete diversity as Incinia is a citizen of the State of New Jersey and defendants are Citizens of the States of Illinois and Virginia.

## ALL DEFENDANTS CONSENT TO REMOVAL

30. Hinshaw & Culbertson, LLP is counsel for Defendants Evanston and MSI.

31. Incinia alleges that it has served the summons and complaint on MSI through the CSC. To the extent that MSI must consent to removal, MSI – through its counsel Hinshaw & Culbertson, LLP – consents to removing this action from the Supreme Court of the State of New York, County of New York, to this Court.

32. Incinia alleges that it has served the summons and complaint on Evanston. To the extent that Evanston must consent to removal, Evanston – through its counsel Hinshaw & Culbertson, LLP – consents to removing this action from the Supreme Court of the State of New York, County of New York, to this Court.

33. By removing this action and consenting to removal, Evanston and MSI do not waive any defenses and/or arguments, including that they are not proper parties to this action.

34. MSI is not a proper party to this action because, *inter alia*, it is not an insurance company and did not issue the Policy. *See S.P. v. Dongbu Ins. Co.*, 174 A.D.3d 911, 914 (2d Dep't 2019).

**WHEREFORE**, Evanston and MSI provide notice that the above-entitled action, formerly pending in the Supreme Court of the State of New York, County of New York, has been removed to this Court. Evanston and MSI request that this Court make any and all orders necessary to effect the removal of this case from the Supreme Court of the State of New York, County of New York, and to effect and prepare in this Court a true record of all proceedings that may have been had in said state court.

Dated: New York, New York
December 15, 2023

HINSHAW & CULBERTSON LLP

By: *s/Matthew C. Ferlazzo*
Matthew C. Ferlazzo, Esq.
Reka Bala, Esq.
800 Third Avenue, 13th Floor
New York, NY 10022
mferlazzo@hinshawlaw.com
O: (212) 471-6227
F: (212) 935-1166

*Attorneys for Defendants*
*Evanston Insurance Company and*
*Markel Service, Incorporated*